# ORIGINAL

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT TOLEDO

| | |
|---|---|
| **ANTONE YOUNGBLOOD,** | Case No. **3:10 C V 00540** |
| DYS 214176 | |
| Ohio River Valley JCF | |
| 4696 Gallia Pike P.O. Box 1000 | **JUDGE JAMES G. CARR** |
| Franklin Furnace, OH 45629 | |
| | Judge_____ |
| **Plaintiff,** | |
| | |
| v. | |
| | |
| **BRIAN BROWN,** individually, | |
| Operations Manager, | |
| c/o Ohio Department of Youth Services, | |
| 51 N. High Street, | |
| Columbus, OH 43215, | |
| | |
| **and** | |
| | |
| **ADAM WARMATH,** individually, | |
| Operations Manager, | |
| c/o Ohio Department of Youth Services, | |
| 51 N. High Street, | |
| Columbus, OH 43215, | |
| | |
| **and** | |
| | |
| **LARRY GILCHRIST,** individually, | |
| Operations Manager, | |
| c/o Ohio Department of Youth Services, | |
| 51 N. High Street, | |
| Columbus, OH 43215, | |
| | |
| **and** | |
| | |
| **EDWARD DUDLEY,** individually, | |
| Operations Manager, | |
| c/o Ohio Department of Youth Services, | |
| 51 N. High Street, | |
| Columbus, OH 43215, | |
| | |
| **and** | |
| | |
| **BROOK LOWER,** individually, | |

Juvenile Corrections Officer,                    :
c/o Ohio Department of Youth Services, :
51 N. High Street,                               :
Columbus, OH  43215,                             :
                                                 :
    **and**                                      :
                                                 :
**JONATHON LOWE,** individually,                 :
Juvenile Corrections Officer,                    :
c/o Ohio Department of Youth Services, :
51 N. High Street,                               :
Columbus, OH  43215,                             :
                                                 :
    **and**                                      :
                                                 :
**STEPHANIE GROFF,** individually,               :
Juvenile Corrections Officer,                    :
c/o Ohio Department of Youth Services, :
51 N. High Street,                               :
Columbus, OH  43215,                             :
                                                 :
    **and**                                      :
                                                 :
**RANDOLPH BENNETT,** individually,:
Juvenile Corrections Officer,                    :
c/o Ohio Department of Youth Services, :
51 N. High Street,                               :
Columbus, OH  43215,                             :
                                                 :
    **and**                                      :
                                                 :
**LARRY SMITH,** individually,                   :
Juvenile Corrections Officer,                    :
c/o Ohio Department of Youth Services, :
51 N. High Street,                               :
Columbus, OH  43215,                             :
                                                 :
    **and**                                      :
                                                 :
**TIMOTHY SHENEFIELD,**                          :
individually,                                    :
Juvenile Corrections Officer,                    :
c/o Ohio Department of Youth Services, :
51 N. High Street,                               :
Columbus, OH  43215,                             :
                                                 :

2

**and**                                    :
                                           :
**EDWARD SCHAMBS,** individually,          :
Juvenile Corrections Officer,              :
c/o Ohio Department of Youth Services,     :
51 N. High Street,                         :
Columbus, OH  43215,                       :
                                           :
**and**                                    :
                                           :
**CLIFTON CHAPMAN,** individually,         :
Juvenile Corrections Officer,              :
c/o Ohio Department of Youth Services,     :
51 N. High Street,                         :
Columbus, OH  43215,                       :
                                           :
                                           :
      **Defendants.**                     :

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Antone Youngblood, acting *pro se*, for his Complaint against Defendants states the following:

### I. PRELIMINARY STATEMENT

1.    This is a civil action brought pursuant to 42 U.S.C. 1983 and stems from two incidents of assault against the Plaintiff in which the Defendants, either through use of excessive force or the deliberate failure to intervene, violated Plaintiff's constitutional rights.  The incidents occurred on January 31st, 2009 at which time Plaintiff was a juvenile within the custody of the Ohio Department of Youth Services ("ODYS") and assigned to Marion Juvenile Correctional Facility ("Marion JCF").  Plaintiff had just been returned to his unit after being assaulted by another youth.  However, instead of Plaintiff being treated as a victim, a series of events unfolded that led to Plaintiff being rushed to the Emergency Room in a catatonic state.  Defendants actions and inactions

3

violated Plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution as protected by 42 U.S.C. § 1983.

      2.     Plaintiff seeks monetary damages for economic and non-economic injuries he suffered as a proximate result of Defendants' acts and/or omissions, punitive damages, and reasonable costs and fees.

**II. JURISDICTION AND VENUE**

      3.     Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1343(3). Federal jurisdiction is appropriate in this case to secure protections under and to redress deprivations of rights conferred by the Eighth and Fourteenth Amendments of the United States Constitution.

      4.     Venue is appropriate in this Court because the events giving rise to this suit took place in Marion County, Ohio.

**III. PARTIES**

      5.     Plaintiff Antone Youngblood ("Plaintiff") is a United States citizen who resides at the Ohio River Valley Correctional Facility in Scioto County, Ohio. At all times relevant to the facts alleged in this Complaint, he was incarcerated by ODYS at Marion JCF.

      6.     Defendant Brian Brown ("Defendant Brown") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Brown was employed by ODYS as an Operations Manager ('OM") and was assigned to Marion JCF. At all times relevant hereto, Defendant Brown was acting under the color of state law. He is sued in his individual capacity.

4

7. Defendant Adam Warmath ("Defendant Warmath") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Warmath was employed by ODYS as an Operations Manager ('OM") and was assigned to Marion JCF. At all times relevant hereto, Defendant Warmath was acting under the color of state law. He is sued in his individual capacity.

8. Defendant Larry Gilchrist ("Defendant Gilchrist") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Gilchrist was employed by ODYS as an Operations Manager ('OM") and was assigned to Marion JCF. At all times relevant hereto, Defendant Gilchrist was acting under the color of state law. He is sued in his individual capacity.

9. Defendant Edward Dudley ("Defendant Dudley") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Dudley was employed by ODYS as an Operations Manager ('OM") and was assigned to Marion JCF. At all times relevant hereto, Defendant Dudley was acting under the color of state law. He is sued in his individual capacity.

10. Defendant Brook Lower ("Defendant Lower") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Lower was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Lower was acting under the color of state law. He is sued in his individual capacity.

5

11. Defendant Jonathon Lowe ("Defendant Lowe") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Lowe was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Lowe was acting under the color of state law. He is sued in his individual capacity.

12. Defendant Randolph Bennett ("Defendant Bennett") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Bennett was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Bennett was acting under the color of state law. He is sued in his individual capacity.

13. Defendant Larry Smith ("Defendant Smith") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Smith was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Smith was acting under the color of state law. He is sued in his individual capacity.

14. Defendant Timothy Shenefield ("Defendant Shenefield") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Shenefield was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Shenefield was acting under the color of state law. He is sued in his individual capacity.

15. Defendant Edward Schambs ("Defendant Schambs") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Schambs was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Schambs was acting under the color of state law. He is sued in his individual capacity.

16. Defendant Clifton Chapman ("Defendant Chapman") is a United States citizen. His residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Chapman was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Chapman was acting under the color of state law. He is sued in his individual capacity.

17. Defendant Stephanie Groff ("Defendant Groff") is a United States citizen. Her residence is unknown at present time. At all times relevant to the facts alleged in this Complaint, Defendant Groff was employed by ODYS as a Juvenile Corrections Officer ("JCO") and was assigned to Marion JCF. At all times relevant hereto, Defendant Groff was acting under the color of state law. She is sued in her individual capacity.

## IV. ADMINISTRATIVE HISTORY

18. Youth exhausted his administrative remedies by filing a grievance on October 7th, 2009. He then appealed this grievance up through to the Chief Inspector's Office which granted his grievance on November 2nd, 2009.

7

## V. STATEMENT OF THE CASE

19.    On January 31st, 2009, Plaintiff was in the care of Marion JCF, a now closed DYS facility.   He was being housed on Unit 2 Delta.   Defendants Brown, Warmath, Gilchrist, Dudley, Lower, Lowe, Groff, Bennett, Smith, Shenefield, Schambs, and Chapman were all on duty and responsible for ensuring Plaintiff's safety.

### First Assault

20.    At approximately 1PM, Plaintiff was assaulted by another youth during unit recreation.  Despite the clear indication that Plaintiff was the victim, JCO Lower ordered Plaintiff back to his room as punishment.

21.    Once on unit, Plaintiff was then confronted by Defendants' Brown, Dudley, Warmath, Shenefield and Lower.  Plaintiff was upset at being punished but had not engaged in any threatening behavior towards staff.  Despite this and contrary to policy and protocol, Defendants' Brown, Dudley, Warmath, Shenefield and Lower initiated a restraint and took Plaintiff to the ground where they ultimately handcuffed him.

22.    Though Defendants Dudley, Warmath, Shenefield and Lower were present to assist, Defendant Brown escorted Plaintiff across the unit to his room by himself. Plaintiff's hands were cuffed behind his back, rendering him defenseless.

23.    Plaintiff had only been moved a few feet when, without provocation or reason, Defendant Brown slammed Plaintiff face first into a ping pong table.

24.    Defendant Brown then dragged Plaintiff off of the table and let him fall to the ground face first. As Plaintiff lay on the ground, Defendant Brown then grabbed his cuffed hands and lifted Plaintiff half off the ground, wrenching Plaintiff's arms upwards and away from his back in an unnatural position.

8

25. In this manner, Defendant Brown dragged Plaintiff across the unit towards Plaintiff's room. On more than one occasion, he rammed Plaintiff head first against the wall. Defendants Dudley, Warmath, Shenefield and Lower were all present and had the obligation and opportunity to intervene. None did.

26. Defendant Brown then threw Plaintiff into his room head first and continued in after him. Defendant Brown continued his assault on Plaintiff, at one point putting his knee on Plaintiff's neck. Defendants Dudley, Warmath, Shenefield and Lower were all present and had the obligation and opportunity to intervene. None did.

## Second Assault

27. After the first assault by Defendant Brown, Plaintiff was restricted to his room. Medical personnel had seen the Plaintiff and instructed Defendant Brown on how to treat him. Despite these instructions, Defendant Brown put out an order to Defendant Groff and other staff to deny Plaintiff further medical treatment. Defendant Groff followed Defendant Brown's order for the next hour.

28. Finally, terrified by the assault and the subsequent refusal to treat him, Plaintiff acted in desperation and threatened to kill himself in an effort to receive proper medical attention and protection from the Defendants. Shortly after this threat, Defendants Gilchrist, Dudley, Bennett, Lowe, Chapman, Schambs, and Smith entered Plaintiff's room and initiated yet another restraint while Defendant Shenefield observed.

29. Defendants Gilchrist, Dudley, Bennett, Lowe, Chapman, Schambs, and Smith acted together to throw Plaintiff to the ground. As he lay on the floor, he suddenly began to vomit and became unresponsive.

30.     Medical staff was called again.  Nurse Noe responded and her evaluation stated that Plaintiff's "eyes were open but he was verbally unresponsive...did not respond to painful stimuli and did not follow commands."  When asked later by investigators if Plaintiff could have been faking, Nurse Noe responded "Absolutely not".

31.     Plaintiff was then rushed to the Emergency Department of the Marion General Hospital and then later to Grant Memorial Hospital.  Plaintiff remained in a catatonic condition for several hours.

32.     The investigation substantiated that Defendant Brown used excessive and inappropriate force during the first assault.  It also cited him for failing to temper the force used, failing to properly or accurately report the incident and for denying medical treatment to Plaintiff.

33.     The investigation cited Defendants Dudley, Gilchrist, and Warmath with failing to report or intervene regarding Defendant Brown's assault of Plaintiff.

34.     The actions and omissions of Defendants violated Plaintiff's right to be free from the use of cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution.

35.     As a direct and proximate cause of Defendants' actions, Plaintiff was severely injured and required emergency medical attention.

## VI. STATEMENT OF CLAIMS

### Count One – 42 U.S.C. 1983 – Excessive Use of Force

36.     Paragraphs one through 35 are incorporated as if rewritten.

37.     Defendant Brown's use of unreasonable and excessive force violated Plaintiff's rights as guaranteed under the Eighth and Fourteenth Amendments of the United States Constitution.

### Count Two – 42 U.S.C. 1983 – Excessive Use of Force

38.     Paragraphs one through 37 are incorporated as if rewritten.

39.     Defendants' Gilchrist, Dudley, Bennett, Lowe, Chapman, Schambs, and Smith use of unreasonable and excessive force violated Plaintiff's under the Eighth and Fourteenth Amendments of the United States Constitution.

### Count Three – 42 U.S.C. 1983 – Failure to Protect

40      Paragraphs one through 39 are incorporated as if rewritten.

41.     Defendants' Dudley, Warmath, Shenefield, and Lower acted with deliberate indifference by failing to intervene during Defendant Brown's unreasonable use of force against Plaintiff.   This violated Plaintiff's rights guaranteed under the Eighth and Fourteenth Amendments of the United States Constitution.

### Count Four – 42 U.S.C. 1983 – Failure to Protect

42.     Paragraphs one through 41 are incorporated as if rewritten.

43.     Defendants Groff and Shenefield acted with deliberate indifference by failing to intervene during Defendants' Gilchrist, Dudley, Bennett, Lowe, Chapman, Schamb, and Smith unreasonable use of force against Plaintiff and violated his rights guaranteed under the Eighth and Fourteenth Amendments of the United States Constitution.

## VII. DEMAND FOR RELIEF

Wherefore, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

a.    A judgment against Defendants for Plaintiff's economic damages to be determined at trial;

b.    A judgment against Defendants for Plaintiff's non-economic injuries, including pain and suffering and emotional distress, in an amount to be determined at trial;

c.    A judgment against Defendants for punitive damages in an amount to be determined at trial;

d.    A judgment for an award of Plaintiff's reasonable costs and fees, including attorneys fees (if counsel is subsequently retained); and

e.    A judgment for such other relief available under law and equity.

Respectfully submitted,

ANTONE YOUNGBLOOD, Plaintiff *Pro Se*
Ohio River Valley Juvenile Correction Facility
4696 Gallia Pike P.O. Box 1000
Franklin Furnace, OH 45629

Prepared with assistance from:
Gregory M. Kevan (0082968)
ODYS Legal Assistance Program[1]
401 E. Court Street, Suite 600
Cincinnati, Ohio 45202
Phone: (513)621-8800

---

[1] The ODYS Legal Assistance Program ("LAP") is an independent legal service contracted by the State of Ohio to assist incarcerated juveniles in meaningfully accessing courts to redress constitutional violations related to their confinement. LAP assists youth by investigating claims and, if appropriate, preparing pleadings for use in *pro se* litigation. *See J.P. v. Taft*, 439 F.Supp.2d 793 (S.D.Ohio 2006); *John L. v. Adams*, 969 F.2d 228 (6th Cir.1992).

## JURY DEMAND

Plaintiff Antone Youngblood demands a jury trial for all issues of fact as permitted by law.

ANTONE YOUNGBLOOD, Plaintiff *Pro Se*

13